# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-60 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DR. AINA, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Defendant's Motion to Dismiss Plaintiff's action, filed on September 20, 2007. (R-8-2). The Plaintiff was mailed notification of his right to respond but failed to do so.

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, Plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6)

does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

On April 11, 2007, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that the Defendants violated his constitutional rights when they failed to provide him with specific medical care that he requested. In his complaint, Plaintiff seeks injunctive relief only. (R-1, p. 5). In his Motion to Dismiss, the Defendant contends that Plaintiff is prohibited from proceeding *in forma pauperis* because he has "three strikes" under the Prison Litigation Reform Act, 28 U.S.C.A. § 1915(g).

### I. Three Strikes Provision

Pursuant to 28 U.S.C. § 1915(g), the three strikes provision, a prisoner who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, is barred from filing a complaint *in forma pauperis,* unless the prisoner is "under imminent danger of serious physical injury."

After reviewing the Plaintiff's filing record, it appears that at least five Section 1983 actions filed in this court were properly dismissed as frivolous, to-wit: case numbers 1:06-CV-114; 1:06-CV-176; 1:06-CV-177, 1:07-CV-03 and 1:07-CV-50. Each of these cases were found to be legally frivolous.

The allegations in the Plaintiff's present Complaint state that, at the time the complaint was filed, Defendant had changed Plaintiff's medications and Plaintiff was not

receiving the care he considered appropriate. His complaint also contains allegations of retaliation in his most recent prison transfer, which does not address any imminent danger. Therefore, Plaintiff has failed to allege that he is, or was at the time of filing this complaint, in imminent danger of serious physical injury. The Eleventh Circuit has held that to meet the "imminent danger" exception to the three strikes provision, the Plaintiff's complaint must contain *current* allegations of the imminent danger of serious physical harm. *See, Medberry v. Butler,* 185 F.3d 1189, 1192-93 (11th Cir. 1999)(emphasis added).

Therefore, Plaintiff's Complaint does not meet the exception to the three strikes rule provided by 28 U.S.C. § 1915(g), and should be dismissed without prejudice inasmuch as the statute does not prohibit his paying the full filing fee and refiling his action.[1]

## II. Injunctive Relief

Furthermore, Plaintiff only seeks injunctive relief. Inasmuch as Plaintiff has already been transferred from Rutledge State Prison to Coastal State Prison, Plaintiff's claims for injunctive relief are now moot. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986); see *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a

---

[1] The Eleventh Circuit has ruled that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

section 1983 action fails to present a case or controversy once the inmate has been transferred."). Therefore, Plaintiff's claims for injunctive relief are dismissed against the Defendant.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed without prejudice. In the alternative, as Plaintiff has only sought injunctive relief and has since been transferred, his complaint may also be dismissed for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 26th day of November, 2007.

                                                  S/ G. MALLON FAIRCLOTH
                                                 UNITED STATES MAGISTRATE JUDGE

mZc